HONORABLE ~~HENRY H. KENNEDY, JR.~~, *REGG P. WALTON* UNITED STATES DISTRICT JUDGE

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

**FEB 2 7 2008**

**Clerk, U.S. District and Bankruptcy Courts**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: <u>CR-07-238</u> |
| | : | |
| vs. | : | SSN: <u>N/A</u> |
| | : | |
| ADAMS, Sheri | : | Disclosure Date: <u>January 28, 2008</u> |

### RECEIPT AND ACKNOWLEDGMENT OF
### PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

#### For the Government
(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.

(✓) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____                    2-7-08
**Prosecuting Attorney**                              **Date**

#### For the Defendant
(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.

( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____          _____
**Defendant**          **Date**          **Defense Counsel**    **Date**

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by **February 11, 2008**, to U.S. Probation Officer **Kelli Griffin Cave**, telephone number **(202) 565-1357**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

**By:**    Gennine A. Hagar, Chief
United States Probation Officer

**Receipt and Acknowledgment**                                    Page 2

The government notes the following material/factual inaccuracies in the PSI report:

1.    Paragraph 6 states that Dana Marshall pled guilty to Conspiracy to Defraud the United
      States. The correct charge is Conspiracy to Commit Bribery of a Public Official. Also,
      sentencing took place on February 1, 2008 and Mr. Marshall was sentenced to a twelve
      month period of incarceration.

2.    Paragraph 7 states that Adams and Marshall met in the Safeway in Hechinger Mall.
      While of no particular relevance, Ms. Adams has always denied that this is where they
      met; this statement is solely attributable to Mr. Marshall and was included in his
      statement of offense at his insistence. It was not in Ms. Adams' statement of offense.

3.    Paragraph 9 states that the establish rules of the CDF prohibited bringing contraband into
      the CDF, "including but not limited to cash and tobacco." This was language negotiated
      by Mr. Marshall through counsel and reflects, in our view, his attempt to minimize his
      conduct. Ms. Adams, on the other hand, has been candid and forthright throughout this
      case and should not have such minimizing language in her report, which could inure to
      her detriment at sentencing.

      Ms. Adams' statement of offense reads:

      "including, but not limited to, cash, tobacco, narcotics and electronic devices."

4.    In paragraph 10, again lifted from Mr. Marshall's statement of offense, the report states
      that Adams made a delivery to Marshall from time to time and that they shut down once
      for a period of two to four weeks. This was language negotiated by Mr. Marshall through
      counsel and reflects, in our view, his attempt to minimize his conduct. Ms. Adams, on
      the other hand, has been candid and forthright throughout this case and should not have
      such minimizing language in her report, which could inure to her detriment at sentencing.

      Ms. Adams statement of offense reads:

      Between October, 2006, and August, 2007, ADAMS would receive calls from individuals
      associated with inmates at the CDF who would arrange to deliver cash and/or contraband
      to her, which she would then deliver to MARSHALL. During this time, ADAMS made a
      delivery to MARSHALL almost every week, sometimes more than once per week, and on
      one occasion there were no deliveries for two weeks because MARSHALL told ADAMS
      that they need to "shut down". Each delivery from ADAMS to MARSHALL consisted of
      a number of "pick-ups" ADAMS had made from individuals associated with inmates at
      the CDF.

5.    Similarly, paragraph 11 states that "[e]very delivery from Adams to Marshall included

cash or cigarettes. Marshall and Adams agreed to split the bribery payments "50/50".

This was language negotiated by Mr. Marshall through counsel and reflects, in our view, his attempt to minimize his conduct. Ms. Adams, on the other hand, has been candid and forthright throughout this case and should not have such minimizing language in her report, which could inure to her detriment at sentencing.

Ms. Adams' statement of offense reads:

Every delivery from ADAMS to MARSHALL included cash, and most deliveries contained controlled substances, which was referred to as "candy" during the conspiracy. Cigarettes and cellphones were also delivered from ADAMS to MARSHALL. MARSHALL promised to split the bribery payments with ADAMS "50/50", although ADAMS always received less than fifty percent of the proceeds.

6.    Paragraph 17 contains a typo in the second to last sentence of the paragraph. It reads "The bribe was in turn for..." It should read "The bribe was in **return** for Adams and Marshall delivering $100 in cash and a carton of cigarettes to an inmate in the CDF."

Signed by:    _____
                     Thomas J. Hibarger
                     Assistant United States Attorney

Date:    February 7, 2008